**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GRACE L. STOVALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-4762 |
| | ) | |
| | ) | Honorable John Z. Lee |
| AMY MCCARTY, et al., INGRID BROWN, | ) | |
| et al., JAMIE BENDER, JOHN WHITCOMB, | ) | JURY TRIAL DEMANDED |
| et al., JAY ZABEL, et al., ROBIN WEBBER, | ) | |
| et al., BENJAMIN TOPP, & MICHELE HENRY | ) | |
| MIDWEST CARE MANAGEMENT | ) | |
| SERVICES, et al., DAMON DOUCET, et al., | ) | |
| JASON HAN, et al., MONAHAN LAW | ) | |
| GROUP, LLC, et al., MARK RICKS, | ) | |
| @ HOME HEALTH CARE AGENCY, et al., | ) | |
| GEOFFREY SHAW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FOURTH AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, GRACE STOVALL, by and through her attorneys, MICHAEL D. BERSANI and MICHAEL J. COSGROVE of HERVAS, CONDON & BERSANI, P.C. complaining against the Defendants, MOHAMMED ABURIZEG #10876, WADE CLARK #12638, JOHN O'LEARY, and other unidentified Chicago police officers, individually, and THE CITY OF CHICAGO as follows:

**FACTS COMMON TO ALL COUNTS**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. § 1983 and § 1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, and accomplished acts and/or omissions of the Defendants under color of law.

2. Jurisdiction is based on 28 U.S.C. § 1331, § 1343, and § 1367.

3. The Plaintiff, GRACE STOVALL, is a United States citizen and permanent resident of the State of Illinois.

4. The Defendants, MOHAMMED ABURIZEG, WADE CLARK, JOHN O'LEARY, and other UNIDENTIFIED CHICAGO POLICE OFFICERS were at all relevant times duly appointed Police Officers of the CITY OF CHICAGO and at all relevant times were acting within their scope of employment and under color of law.

5. The Defendant, CITY OF CHICAGO, was at all times relevant hereto an Illinois Municipal Corporation duly authorized and chartered under the laws of the State of Illinois, operating and managing the Chicago Police Department by and through its employees, including the Defendants ABURIZEG, CLARK, O'LEARY, and other UNIDENTIFIED CHICAGO POLICE OFFICERS.

6. On April 25, 2016, Plaintiff was inside her residence of 4250 North Marine Drive in Chicago, Illinois.

7. On April 25, 2016, Defendants ABURIZEG, CLARK, O'LEARY, and other UNIDENTIFIED CHICAGO POLICE OFFICERS, were present at 4250 North Marine Drive, Chicago, Illinois.

**COUNT I**
**UNLAWFUL/UNREASONABLE SEARCH:**
**DEFENDANTS ABURIZEG, CLARK, O'LEARY, AND**
**OTHER UNIDENTIFIED CHICAGO POLICE OFFICERS**

8. Plaintiff incorporates by reference ¶¶ 1 through 7 above as if fully set forth herein.

9. Plaintiff resided at 4250 North Marine Drive, Chicago, Illinois and worked in the residence as a caregiver for the owner.

10. Plaintiff was not committing a crime or breaking any laws.

11. The Defendants entered Plaintiff's home.

12. The Defendants did not have probable cause to enter Plaintiff's home.

13. The Defendants did not have a search warrant to enter Plaintiff's home.

14. The Defendants forcefully broke into Plaintiff's home.

15. Defendants searched Plaintiff's person.

16. Said actions of the Defendants were intentional, willful and wanton.

17. Said actions of the Defendants violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution as protected by 42 U.S.C. § 1983.

18. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff suffered violations of her Constitutional rights, emotional anxiety, fear, pain, suffering, monetary loss, expense, and invasion of her personal privacy.

WHEREFORE, the Plaintiff, GRACE STOVALL, prays for judgment against the Defendants, jointly and severally, for reasonable compensatory damages and punitive damages, plus attorney's fees and costs, and any other relief this Honorable Court deems just and appropriate.

## COUNT II
## UNREASONABLE SEIZURE:
## DEFENDANTS ABURIZEG, CLARK, O'LEARY, AND
## OTHER UNIDENTIFIED CHICAGO POLICE OFFICERS

19. Plaintiff incorporates by reference ¶¶ 1 through 18 above as if fully set forth herein.

20. Defendants told Plaintiff she was under arrest.

21. Plaintiff was seized and searched.

22. Defendants forced Plaintiff's hands behind her back and removed her from her residence against her will.

23. Defendants physically kept Plaintiff's hands behind her back until they were on the public sidewalk in front of Plaintiff's residence.

24. Plaintiff was not committing a crime or breaking any laws.

25. Defendants' actions were intentional, willful and wanton.

26. There was no probable cause to seize Plaintiff and remove her from her residence.

27. Said actions of the Defendants violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution as protected by 42 U.S.C. § 1983.

28. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff suffered violations of her Constitutional rights, emotional anxiety, fear, pain, suffering, monetary loss, expense, invasion of her personal privacy, and loss of freedom.

WHEREFORE, the Plaintiff, GRACE STOVALL, prays for judgment against the Defendants, jointly and severally, for reasonable compensatory damages and punitive damages, plus attorney's fees and costs, and any other relief this Honorable Court deems just and appropriate.

## COUNT III
## EXCESSIVE FORCE:
## DEFENDANTS ABURIZEG, CLARK, O'LEARY, AND OTHER UNIDENTIFIED CHICAGO POLICE OFFICERS

29. Plaintiff incorporates by reference ¶¶ 1 through 28 above as if fully set forth herein.

30. On April 25, 2016, Defendants used excessive force on the Plaintiff, GRACE STOVALL, while acting within the course and scope of their employment as CITY OF CHICAGO employees.

31. The April 25, 2016, use of force was unreasonable, done without legal justification, and without probable cause.

4

32. The Plaintiff suffered injuries and bodily harm due to the force used against her.

33. There was no legal justification or probable cause to use the amount of force utilized by Defendants.

34. The Plaintiff's conduct before, during, and after the use of force did not warrant the amount of force utilized by Defendants against Plaintiff.

35. At the time that force was used against the Plaintiff, Defendants knew, or should have known, that there was no probable cause or legal justification to use the amount of force that was used against Plaintiff.

36. The force used by Defendants was under color of law, was objectively unreasonable and with malice, and was undertaken intentionally or with a willful indifference to the Plaintiff's Constitutional rights.

37. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff suffered violations of her Constitutional rights, emotional anxiety, fear, pain, suffering, and other damages.

WHEREFORE, the Plaintiff, GRACE STOVALL, prays for judgment against the Defendants, jointly and severally, for reasonable compensatory damages and punitive damages, plus attorney's fees and costs, and any other relief this Honorable Court deems just and appropriate

**COUNT IV**
**FAILURE TO INTERVENE:**
**DEFENDANTS ABURIZEG, CLARK, O'LEARY, AND**
**OTHER UNIDENTIFIED CHICAGO POLICE OFFICERS**

38. Plaintiff incorporates by reference ¶¶ 1 through 36 above as if fully set forth herein.

39. At the time that force was used against the Plaintiff, each individual Defendant Officer was in close proximity to both the Plaintiff and the other Defendant Officers, and could have intervened to stop or prevent the use of force, but failed to do so.

40. The misconduct by Defendants was objectively unreasonable and with malice, and was undertaken intentionally or with a willful indifference to the Plaintiff's Constitutional rights.

41. Defendants' actions were undertaken in violation of Plaintiff's rights as guaranteed by the Constitution of the United States of America.

42. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff suffered violations of her Constitutional rights, emotional anxiety, fear, pain, suffering, and other damages.

WHEREFORE, the Plaintiff, GRACE STOVALL, prays for judgment against the Defendants, jointly and severally, for reasonable compensatory damages and punitive damages, plus attorney's fees and costs, and any other relief this Honorable Court deems just and appropriate.

## COUNT V – INDEMNIFICATION – CITY OF CHICAGO

43. Plaintiff incorporates by reference ¶¶ 1 through 41 above as if fully set forth herein.

44. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

45. Defendants ABURIZEG, CLARK, O'LEARY, and other UNIDENTIFIED CHICAGO POLICE OFFICERS were at all relevant times employees of the CITY OF

6

CHICAGO who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should any of the Defendants, ABURIZEG, CLARK, O'LEARY, or an UNIDENTIFIED CHICAGO POLICE OFFICER be found liable for the acts alleged above, the CITY OF CHICAGO would be liable to pay the Plaintiff, GRACE STOVALL, any judgment obtained against said Defendants.

## COUNT VI – MONELL LIABILITY

46. Plaintiff incorporates by reference ¶¶ 1 through 45 above as if fully set forth herein.

47. At all relevant times, Defendant CITY OF CHICAGO, acting through the Chicago Police Department, developed, implemented, enforced, encouraged, and sanctioned *de facto* policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights which caused the violation of such rights, including, but not limited to, the search and seizure of individuals and their residences without justification and the use of excessive force.

48. The *de facto* policies, practices, and/or customs occurred not only in Plaintiff's case but have occurred in other cases where Chicago police officers illegally searched an individual's residence, illegally searched an individual's person, illegally seized an individual, and used excessive force, including, but not limited to the following:

    a. *Plevritis v. City of Chi.*, No. 06 C 3401, 2007 U.S. Dist. LEXIS 68518 (N.D. Ill. Sep. 17, 2007), where Chicago police officers entered and searched a private residence without probable cause or a warrant; defendant officers' motion for summary judgment was denied.

    b. *Jacobs v. City of Chi.*, 215 F.3d 758, 773-74 (7th Cir. 2000), where Chicago police officers entered a residence without justification and "the Defendant Officers' use of force against [arrestee] while executing an allegedly illegal search of his home and an allegedly unlawful seizure of

7

> his person was out of proportion to any danger that [arrestee] could possibly have posed to the officers or any other member of the community." The court found that the arrestee's Fourth Amendment rights may have been violated.

    c.    *See also* "Investigation of the Chicago Police Department," United States Dept. of Justice Civil Rights Div. and U.S. Attorney's Office Northern Dist. of Ill., January 13, 2017, p. 15 ("We have serious concerns about the prevalence of racially discriminatory conduct by some CPD officers and the degree to which that conduct is tolerated and in some respects caused by deficiencies in CPD's systems of training, supervision and accountability. In light of these concerns, combined with the fact that the impact of CPD's pattern or practice of unreasonable force fall heaviest on predominantly black and Latino neighborhoods, restoring police-community trust will require remedies addressing both discriminatory conduct and the disproportionality of illegal and unconstitutional patterns of force on minority communities").

    d.    Other cases involving illegal searches, seizures, and excessive force.

49.    The aforementioned constitutional abuses and violations by Defendant CITY OF CHICAGO, through the actions of the Defendant officers, were and are directly and proximately caused by policies, practices, and/or customs developed, implemented, enforced, encouraged, and sanctioned by Defendant CITY OF CHICAGO, including the failure: (1) to adequately train and supervise its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations and unlawful conduct on the part of its police officers; (2) to properly and adequately monitor and discipline its officers, including Defendant officers; and (3) to discipline police misconduct, choosing instead to tolerate, and thereby promote, the *de facto* policies, practices, and/or customs of illegally searching residences, illegally searching and seizing residents, and using excessive force.

50.    The aforementioned conduct and other conduct in other cases by the Chicago police officers constitute *de facto* policies, practices, and/or customs because the CITY OF CHICAGO promoted, rather than discouraged, the following conduct:

      a.      The failure to have a system which monitors patterns of unconstitutional police misconduct;

      b.      The failure to properly discipline sustained allegations of unconstitutional police misconduct;

      c.      The failure to properly maintain records of judicial findings of police misconduct, including, but not limited to, illegal search, illegal seizure, and excessive force;

      d.      The failure to properly train, hire, monitor, and/or supervise officers;

      e.      A *de facto* policy, practice, and custom of the policy code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and the maltreatment of persons, despite their obligations under Chicago Police Department regulations to do so. This conduct includes police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution;

      f.      The failure to discipline Chicago police officers who use excessive force or illegally search and/or seize persons or property.

51. The aforementioned policies, practices, and customs, individually and collectively, have been maintained and/or implemented with deliberate indifference by Defendant CITY OF CHICAGO, and its subsidiary departments, and have encouraged the individual Defendant officers to commit the aforementioned wrongful acts against Plaintiff and therefore acted as a direct and proximate cause of the complained-of Constitutional violations and Plaintiff's injuries.

52. Defendant's unlawful actions were done willingly, knowingly, and with the specific intent to injure Plaintiff.

WHEREFORE, the Plaintiff, GRACE STOVALL, prays for judgment against the Defendant CITY OF CHICAGO for reasonable compensatory damages and punitive damages, plus attorney's fees and costs, and any other relief this Honorable Court deems just and appropriate.

9

**JURY DEMAND**

Plaintiff requests a trial by jury.

                    Respectfully submitted,

                    s/ **Michael D. Bersani**
                    MICHAEL D. BERSANI, ARDC No. 06200897
                    MICHAEL J. COSGROVE, ARDC No. 06326752
                    *Attorneys for Plaintiff*
                    HERVAS, CONDON & BERSANI, P.C.
                    333 W. Pierce Road, Suite 195
                    Itasca, IL 60143-3156
                    P: 630-773-4774     F: 630-773-4851
                    mbersani@hcbattorneys.com
                    mcosgrove@hcbattorneys.com

Case: 1:17-cv-04762 Document #: 102 Filed: 11/28/18 Page 11 of 11 PageID #:302

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GRACE L. STOVALL, ) | |
| ) | Case No. 17-cv-4762 |
| Plaintiff, ) | |
| ) | Honorable John Z. Lee |
| ) | |
| AMY MCCARTY, et al., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

    I hereby certify that on **November 28, 2018,** I electronically filed the foregoing *Fourth Amended Complaint at Law* with the Clerk of the District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send notification to the following CM/ECF participants:

TO:    C. Ester Choi
        Dana Marie O'Malley
        Marion Claire Moore
        Mikayla Soo Hamilton
        City of Chicago, Department of Law
        Federal Civil Rights Litigation Division
        30 North LaSalle St., Suite 900
        Chicago, IL 60602
        ester.choi@cityofchicago.org
        dana.pesha@cityofchicago.org
        marion.moore@cityofchicago.org
        mikayla.hamilton@cityofchicago.org

                                        s/ **Michael D. Bersani**
                                        MICHAEL D. BERSANI, ARDC No. 06200897
                                        MICHAEL J. COSGROVE, ARDC No. 06326752
                                        *Attorneys for Plaintiff*
                                        HERVAS, CONDON & BERSANI, P.C.
                                        333 W. Pierce Road, Suite 195
                                        Itasca, IL 60143-3156
                                        P: 630-773-4774    F: 630-773-4851
                                        mbersani@hcbattorneys.com
                                        mcosgrove@hcbattorneys.com