IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRACE L. STOVALL, | ) | |
| | ) | Case No. 17 C 4762 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John Lee |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 60 MOTION**

Defendants, Wade Clark, Mohammad Aburizeg and John O'Leary, (hereinafter "Defendant Officers") by and through one of their attorneys, Michele McGee, Assistant Corporation Counsel for the City of Chicago, and the City of Chicago, by and through its attorney, Celia Meza, Corporation Counsel for the City of Chicago, hereby submit this response to Plaintiff's Rule 60 Motion.

**INTRODUCTION**

Plaintiff sued Defendants City of Chicago, Wade Clark, Mohammad Aburizeg and John O'Leary alleging unlawful search and seizure, unreasonable seizure, excessive force, failure to intervene, indemnification, and *Monell*. ECF 102. Defendants moved for summary judgment on all counts. ECF 214, 217. Defendants' motion for summary judgment was granted on September 17, 2021 and judgment was entered in favor of Defendants. ECF 256, ECF 257. Plaintiff filed a Rule 59 motion to vacate the summary judgment on November 19, 2021. ECF 262. Defendants moved to strike Plaintiff's Rule 59 motion as untimely. ECF 263. This Court denied Plaintiff's Rule 59 motion as untimely and deemed Defendants' motion to strike moot. ECF 265, 266. Plaintiff then filed a motion to vacate the judgment under Rule 60. ECF 267. Defendants oppose.

1

# ARGUMENT

**I.     Plaintiff Is not Entitled to Relief Under Rule 60.**

Plaintiff invokes Rule 60 as a means to invalidate the judgment. Rule 60(b) relief is an "extraordinary remedy" reserved for "exceptional circumstances." *Venson v. Altamirano,* 749 F.3d 641, 651 (7th Cir. 2014), s*ee also Romo v. Gulf Stream Coach*, 250 F.3d 1119, 1121 n. 3 (7th Cir.2001). Rule 60 allows a party to seek relief from a final judgment solely for the reasons of:

> "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. Pro. 60(b).

A Rule 60(b) motion is not a substitute for the appellate process. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir.2000) (Rule 60(b) motion is not a substitute for timely filing of appeal and the basis for setting aside a judgment under Rule 60(b) "must be something that could not have been used to obtain a reversal by means of a direct appeal"). Similarly, a "Rule 60(b) motion cannot be used to correct simple legal errors. *Neuman v. United States*, No. 07-CV-0362-MJR, 2008 WL 117859, at *1 (S.D. Ill. Jan. 10, 2008). Rather, the purpose of Rule 60 is "to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir.2000).

**II.    Plaintiff's Motion Fails to Identify any Viable Legal Reason to Vacate the Judgment.**

Plaintiff's motion should be stricken or denied for failing to identify any legal basis to overturn the judgment. Nowhere in Plaintiff's 30-page motion does she identify which section of Rule 60 justifies vacating the judgment. Plaintiff includes "Rule 60 (b)" in the title and first sentence of her motion. ECF 267 p. 1. This is the extent of Plaintiff's citations to the rule. In fact, Plaintiff cites to no statute or case law whatsoever, and her inclusion of the words "Rule 60 (b)" in the title and first sentence of the motion are her only attempts to legally justify the basis for her motion. Plaintiff also makes no argument or explanation in the body of her motion which would clue in the Court or Defendants as to the legal basis for the remedy sought. Plaintiff argues none of the special circumstances necessary to justify Rule 60 relief. In responding to Plaintiff's motion, Defendants are now in the unjust and unfair position of guessing why Plaintiff believes she is legally entitled to such extraordinary relief. Rule 60 is exacting and specific. Relief should only be granted in extraordinary circumstances. *Cash*, 209 F.3d at 698.

Plaintiff's *pro se* status does not excuse her failure to comply with Rule 60. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994) ("pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines"). Plaintiff is obligated to identify the legal basis for her motion and make arguments of fact and law to justify her request for relief. As Plaintiff's motion fails to identify which section of Rule 60 applies to this motion, fails to make any legal argument, and fails to provide any factual basis to support relief, this motion should be stricken or denied in its entirety.

### III. Plaintiff Has Not Shown Entitlement to Relief under Rule 60(b)(1).

To the extent that Plaintiff seeks relief under Rule 60(b)(1), the Court should deny this motion as it has no merit. Rule 60(b)(1) allows for relief for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. Pro. 60(b)(1). Plaintiff fails to identify any mistake, inadvertence,

surprise or neglect which would entitle her to Rule 60(b)(1) relief. Instead, Plaintiff restates her arguments from her response to summary judgment. This Court considered these arguments and ruled against Plaintiff. While Plaintiff may take issue with the judgment of this Court, an appeal not a Rule 60(b)(1) motion is the venue for these arguments. *See Bell v. Eastman Kodak Co*., 214 F.3d 798, 801 (7th Cir.2000). Here, Plaintiff's motion fails as she neglects to provide any new arguments or facts. *See Hicks v. Midwest Transit, Inc*., 531 F.3d 467, 474 (7th Cir.2008) (denial of Rule 60(b) motion was appropriate where moving party did not offer any new arguments or provide new facts). Since Plaintiff has provided no factual or legal basis under Rule 60(b)(1) for relief and this Court should deny her motion.

### IV.    Plaintiff Has Not Shown Entitlement to Relief under Rule 60(b)(2).

To the extent that Plaintiff seeks relief under Rule 60(b)(2), the Court should deny this motion as it has no merit. Rule 60(b)(2), which allows that the Court to grant a party relief from the judgment based on newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." *Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645, 653 (7th Cir. 2014). To prevail on a Rule 60(b)(2) motion, Plaintiff must satisfy all the same prerequisites to obtain relief under Rule 59(a) based on newly discovered evidence. *See In re Chicago,Milwaukee, St. Paul & Pac. R.R. Co. v. Union Pacific R.R*., 78 F.3d 285, 293-94 (7th Cir. 1996).

Notably, Plaintiff never identifies Rule 60(b)(2) as the basis for her motion. Nor does she identify any newly discovered evidence which justifies any relief from the judgment. Plaintiff's 30-page motion is largely a regurgitation of the unsupported legal arguments and unsupported factual claims made in her response to summary judgment. ECF 266, 267. Importantly, Plaintiff makes not a single citation to either the record in this case or any newly discovered fact(s)

anywhere in the 30-page motion. Instead, Plaintiff spews the same unsubstantiated comments involving non-defendants which are unrelated to her legal claims against the named Defendants. The closest Plaintiff comes to identifying a newly discovered fact is her references to a settlement between the City of Chicago and Anjanette Young. Young is not a party to this case, nor was she present for the events at issue in litigation. Her lawsuit and Plaintiff's lawsuit have no connection whatsoever. However, even if the lawsuits were connected, the fact that the City settled Young's lawsuit is not a newly discovered fact in this litigation.

Even if one were to consider anything affiliated with the Young case a newly discovered fact, it remains irrelevant. To the extent that Plaintiff seeks to use the Anjanette Young case to bolster her *Monell* allegations, such an attempt should fail for multiple reasons. First, the Anjanette Young case is fundamentally dissimilar to the allegations that Plaintiff makes here. Whereas the Young case involved officers seeking and executing a search warrant, this case involved officers responding to a report that Plaintiff was trespassing. Second, the Anjanette Young case occurred years after Plaintiff's case and therefore cannot be used to establish a custom or practice that existed at the time of Plaintiff's case. Third, the Young case on its own does not meet Plaintiff's burden under *Monell* of demonstrating a widespread practice, deliberate indifference by the City's final policymaker, or causation.

To the extent that Plaintiff makes a claim that the U.S. Department of Justice report suggests that that the City was not entitled to summary judgment as to Plaintiff's *Monell* claim, such an attempt should fail for multiple reasons as well. First, the Department of Justice report would not fall under the area of newly discovered evidence. Plaintiff had every opportunity to cite to it during the summary judgment briefing. Second, the report itself does not speak to a situation like the case at bar. The Court has already ruled that Plaintiff completely failed to present evidence

5

supporting a possible *Monell* claim. ECF 256 p. 17-18. Nothing in Plaintiff's Rule 60 Motion changes that simple truth.

As Plaintiff fails to identify any relevant newly discovered evidence, Plaintiff's motion should be denied.

### V.     Plaintiff Has Not Shown Entitlement to Relief under Rule 60(b)(3).

To the extent that Plaintiff seeks relief under Rule 60(b)(3), the Court should deny this motion as it has no merit. Rule 60(b)(3) provides that the Court may grant a party relief from the judgment where there was "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To obtain relief here, she must prove that: (1) she maintained a meritorious claim at trial; and (2) because of the defense's fraud, misrepresentation or misconduct; (3) she was prevented from fully and fairly presenting her case at trial. *See Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). To "prevail under a Rule 60(b)(3) claim for fraud it is incumbent upon the movant to establish the fraud complained of by clear and convincing evidence." *Jennings v. Hicklin,* 587 F.2d 946, 948 (8th Cir.1978); *Ervin v. Wilkinson,* 701 F.2d 59, 61 (7th Cir.1983). To prove fraud Plaintiff must identify what she believes to be the fraud and cite to evidence of such (presumably an affidavit or other extrinsic evidence). Plaintiff does neither. While Plaintiff makes bald allegations that lawyers have "established a pattern of mobbing and fraud" or hidden evidence from the media in order to avoid a jury trial, these unsubstantiated allegations are not clear and convincing evidence of fraud requiring this Court to vacate the judgment. ECF 267 p. 9, 10. As such, this Court should deny Plaintiff's motion.

**VI.     Rule 60(b)(4), (5), and (6) Do Not Apply.**

To the extent that Plaintiff seeks relief under Rule 60(b)(4), (5), or (6) these sections do not apply to this case. Rule 60(b)(4) allows for relief when the judgment is void. Rule 60(b)(5) allows for relief when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." These sections are entirely inapplicable to this case.

Rule 60(b)(6) allows for relief based on "any other reason that justifies relief." Fed. R. Civ. Pro. 60(b)(6). First and foremost, Plaintiff makes no specific claim that she is entitled to (b)(6) relief (nor does she claim she is entitled to relief under (1)-(5)). However, to the extent this court believes she is making such a claim, Plaintiff is not entitled to (b)(6) relief. Section (b)(6), often called the "catch-all or safety valve provision" applies only in extraordinary circumstances. *Liljeberg v. Health Services Acquisition Corp*., 486 U.S. 847, 863 n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988), *Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 93 L.Ed. 266 (1949) (plurality opinion), *Merit Ins. Co. v. Leatherby Ins. Co.,* 714 F.2d 673, 682 (7th Cir.1983); *Claremont Flock Corp. v. Alm,* 281 F.3d 297, 299 (1st Cir.2002), *Lowe v. McGraw– Hill Companies, Inc*., 361 F.3d 335, 342 (7th Cir.2004) ("[Because] the first five subsections [of Rule 60(b) ] ... cover the waterfront[,][t]he only work left for [subsection] (6) to do is to allow judgments to be set aside, without limitation of time, when the circumstances of its invocation are 'extraordinary."). "The Supreme Court specifically held in *Klapprott* that subsection (6) could never be used in cases where the grounds asserted fit under any of the previous five subsections." *Indus. Assocs., Inc. v. Goff Corp*., 787 F.2d 268, 269 (7th Cir. 1986). Plaintiff has failed to argue that Rule 60(b)(1) to (5) do not apply and that Rule 60(b)(6) entitles her to relief. As Plaintiff makes no argument of extraordinary circumstances, let alone any presentation of a

single fact to support an extraordinary circumstance, any request for relief under Rule 60(b)(6) should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion.

Dated: February 18, 2022

Respectfully Submitted,

|  |  |
|---|---|
|  | CELIA MEZA |
| By: /s/ *Michele McGee* | Corporation Counsel for the City of Chicago |
| Michele McGee |  |
| Assistant Corporation Counsel | By: /s/ *Raoul Vertick Mowatt* |
| Allison Romelfanger | Raoul Vertick Mowatt |
| Assistant Corporation Counsel Supervisor | Assistant Corporation Counsel |
| 2 North LaSalle Street, Suite 420 | Caroline Fronczak |
| Chicago, Illinois 60602 | Deputy Corporation Counsel |
| (312) 744-8311 | 2 North LaSalle Street, Suite 420 |
| Attorney No. 6225600 | Chicago, Illinois 60602 |
| Michele.mcgee@cityofchicago.org | (312) 744-3283 |
| ***Counsel for Individual Chicago Police Officers*** | Attorney No. 6302587 |
|  | Raoul.mowatt@cityofchicago.org |
|  | ***Counsel for Defendant City*** |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GRACE L. STOVALL, | ) | |
| | ) | Case No. 17 C 4762 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John Lee |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2022, I served a true and correct copy of the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 60 MOTION, via their attorneys of record, and all other parties of record, using the CM / ECF system which causes a true and correct copy of the filed documents to be electronically delivered to all electronically registered parties of record.

                                                                           Respectfully Submitted,

By:   */s/ Michele McGee*
           Assistant Corporation Counsel